**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

*In re:*                                                                       Case No.: 3:16-bk-2232-PMG

PREMIER EXHIBITIONS, INC., et. al.,                      Chapter 11

_____Debtor._____/

**NOTICE OF FILING**

MARK C. HEALY, solely in his capacity as Liquidating Trustee under the Liquidating Trust Agreement (the "Trustee"), by and through his undersigned counsel, files the attached, fully executed Settlement Agreement in support of the *Liquidating Trustee's Motion to Approve Settlement Agreement with Certain Directors, Officers, Managers, Employees, and/or Control Persons of all or Certain of the Debtors and Authorize Disbursement of Contingency Fee and Reimbursement of Expenses to Special Litigation Counsel* [ECF# 518].

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in the case on August 6, 2025.

          **AGENTIS**
          *Co-Counsel for the Trustee*
          45 Almeria Avenue
          Coral Gables, Florida 33134
          Tel.: 305.722.2002

          By:___*/s/ Robert P. Charbonneau*___
               Robert P. Charbonneau
               Florida Bar No.: 968234
               rpc@agentislaw.com

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
(JACKSONVILLE DIVISION)
www.flmb.uscourts.gov

In re:

PREMIER EXHIBITIONS, INC. a/k/a
PRYXIE LIQUIDATION CORP., *et al.*,[1]

Debtors.
_____/

CASE NO. 3:16-BK-002232-BAJ
CHAPTER 11

(Jointly Administered)

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement") is entered into by and among: (i) Mark C. Healy (the "Trustee"), solely in his capacity as Liquidating Trustee pursuant to the First Amended Plan of Liquidation for the estates (collectively, the "Estate" or "Bankruptcy Estate") of the above-captioned jointly administered Chapter 11 debtors (collectively, the "Debtors"); and (ii) the following former directors, officers, managers, employees, and/or control persons of all or certain of the Debtors: Daoping Bao, Jerome Henshall, Michael Evans, Sid Dutchak, Mark Bains, and Guo "David" Ding (each individually a "Settling Defendant" and collectively, the "Settling Defendants"). From time to time in this Settlement Agreement, the Trustee, and the Settling Defendants are referred to collectively as the "Parties" or individually as "Party."

WHEREAS, on June 14, 2016 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court") in jointly administered Case Nos. 3:16-BK-002232-BAJ, *et seq.* (collectively, the "Bankruptcy Case");

WHEREAS, by Order dated October 16, 2019, the Bankruptcy Court approved confirmation of the Debtors' First Amended Plan of Liquidation (the "Plan and Confirmation Order") [D.I. No. 231], which appointed Mr. Healy as Liquidating Trustee as successor to the Debtors and the Bankruptcy Estate;

WHEREAS, by Notice of Effective Date dated November 6, 2019, the Debtors advised the Court, creditors, interest holders, and other parties in interest that on October 31, 2019, the Effective Date of the Plan occurred, and that all conditions precedent to the effectiveness of the Plan as set forth in Article 13 therein had either been satisfied or waived in accordance with the Plan and Confirmation Order[2];

---

[1] As the result of name changes described in more detail below, the current names of the Debtors in the Chapter 11 cases are Pryxie Liquidation Corp., Pryxie Liquidation 1P LLC, Pryxie Liquidation 2A LLC, Pryxie Liquidation 5I LLC, Pryxie Liquidation 3N Inc., Pryxie Liquidation 4M LLC, and Pryxie Liquidation 6D Corp.

[2] By Notice dated November 6, 2019 [D.I. No. 247], the Debtors name changes for each of the Debtors.

WHEREAS, prior to the Petition Date, the Debtors and the Settling Defendants were insureds under multiple D&O policies (the "Policies");

WHEREAS, the Policies (i) provide specified insurance coverage to the Debtors and Settling Defendants for, *inter alia*, D&O liability claims, and (ii) are claims-made, wasting asset insurance policies, meaning that defense costs reduce the amount of available remaining limits to satisfy a judgment or settlement;

WHEREAS, as successor to the Debtors and the Bankruptcy Estate, the Trustee commenced and/or continued the prosecution of consolidated Adversary Proceeding Nos. 3:18-ap-00064-BAJ and 3:20-ap-00051-BAJ (collectively, the "Adversary Proceedings") pending in the Bankruptcy Court asserting, *inter alia*, breach of fiduciary duty claims (collectively, the "Claims") against the Settling Defendants;

WHEREAS, after concluding fact and expert witness discovery, during February and March 2025, the Parties engaged in extensive briefings in connection with cross motions for summary judgment;

WHEREAS, on April 8, 2025, the Parties, along with a representative of the Debtors' post-confirmation oversight committee (the "Oversight Committee"), attended a full day mediation conference in New York City conducted by mediator Jed Melnick of JAMS, which was followed by several weeks of further ongoing discussions spearheaded by Mr. Melnick;

WHEREAS, by Order of the Court the Bankruptcy Court scheduled pretrial/status conferences in the Adversary Cases [D.E. 404, 525] for June 17, 2025 (the "June 17th Hearing"), which by subsequent notice required the Parties to be prepared to present oral argument on the pending motions for summary judgment;

WHEREAS, at the June 17th Hearing, as a result of substantial negotiations regarding the Claims, the Parties announced a settlement in principle with the Parties and the Oversight Committee having agreed that it was in the best interests of all involved to amicably resolve the Claims;

WHEREAS, the Settling Defendants dispute the Trustee's allegations with respect to the Claims and deny any and all liability in connection with such allegations; and

WHEREAS, the Parties wish to set forth the terms of their settlement in this Settlement Agreement.

NOW, THEREFORE, in consideration of the mutual promises set forth herein, the Parties agree as follows:

1. **Recitals Incorporated.** The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full and made a part of this Settlement Agreement.

2. **Court Approval and Effective Date.** The Trustee shall file a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure seeking entry of an order by the Bankruptcy Court approving this Settlement Agreement with notice to creditors and parties in interest. Unless otherwise stated herein, the obligations, representations, and warranties stated in this Settlement Agreement shall become effective on the date upon which all of the following conditions precedent have occurred (the "Effective Date"):

(A) the Bankruptcy Court has entered an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure approving this Settlement Agreement (the "9019 Order");

(B) the 9019 Order has not been reversed or stayed, and as to which (i) the time to appeal, petition for certiorari or move for reargument, rehearing or a new trial has expired and no appeal, petition for certiorari or motion for reargument, rehearing or a new trial, respectively, has been timely filed (which time period shall mean, with respect to motions to correct such 9019 Order under Rule 9024 of the Federal Rules of Bankruptcy Procedure, Rule 60 of the Federal Rules of Civil Procedure or otherwise, 14 days after the entry of such 9019 Order), or (ii) any timely appeal, petition for certiorari or motion for reargument, rehearing or a new trial that has been or may be filed has been resolved by the highest court (or any other tribunal having appellate jurisdiction over the 9019 Order) to which the 9019 Order was appealed or from which certiorari or reargument, rehearing or a new trial was sought, and the time to take any further appeal, petition for certiorari or move for reargument, rehearing or a new trial shall have expired without such actions having been taken (upon satisfaction of each condition of Paragraph 2(A) and 2(B), the 9019 Order shall be referred to as the "Final Order"); and

(C) upon receipt and bank clearance of the Settlement Payment (as defined below).

For the avoidance of any doubt, the Trustee may, but under no circumstances shall be required to, appeal any order which fails to approve the Settlement Agreement and the Trustee shall bear the costs of any such appeal.

The Trustee shall provide prompt notice to the Settling Defendants of the date that the 9019 Order becomes the Final Order (satisfaction of each condition of Paragraph 2(A) and 2(B)).

3. **Settlement Payment.** For and in consideration of each of the terms set forth herein, the Parties have agreed to settle this dispute in exchange for payment from or made on behalf of the Settling Defendants for the sum of ELEVEN MILLION SEVEN HUNDRED FIFTY THOUSAND DOLLARS AND 00/100 U.S. (U.S. $11,750,000.00) (the "Settlement Payment") to the Trustee on behalf of the Bankruptcy Estate. The Settlement Payment shall be paid via wire transfer or in the form of a check for good and collectable funds made payable to "Mark C. Healy, Liquidating Trustee of Premier Exhibitions, Inc.," tendered to the Trustee via Federal Express at his office address:

> Mark C. Healy
> Michael Moecker & Associates, Inc.
> 1885 Marina Mile Blvd Suite 103

    Ft. Lauderdale, FL 33315

The Settlement Payment shall be due no later than thirty (30) calendar days after entry of the Final Order (satisfaction of each condition of Paragraph 2(A) and 2(B) of this Settlement Agreement) and receipt of a W-9 Form. The Parties understand that no Settling Defendant is obligated to make all or any part of the Settlement Payment.

    4.  **Trustee Release to Settling Defendants.** Upon occurrence of the Effective Date, the Trustee, solely in his capacity as Trustee for the Debtors' Estate and on behalf of the Debtors and the Debtors' Estate, remises, releases, relinquishes and forever discharges the Settling Defendants, Mingcheng Tao, and any companies or ventures owned, in whole or in part, by the Settling Defendants, and each of their respective heirs, agents, representatives, and beneficiaries (collectively, with the Settling Defendants, the "Released Parties") of and from the Claims and any and all claims, liabilities, judgments, sanctions, damages, demands, suits, debts, actions, or causes of action of any kind, character, or nature whatsoever, whether asserted or unasserted, known or unknown, fixed or contingent, accrued or unaccrued, matured or unmatured, including, without limitation, claims sounding in contract, tort, and/or violations of any federal or state statute or regulation, whether at law or in equity, direct or derivative, known or unknown, or suspected or unsuspected, that the Trustee (solely in his capacity as Trustee for the Debtors' Estate and on behalf of the Debtors and the Debtors' Estate), the Debtors, or the Debtors' Estate ever had or may now or hereafter own, hold, have or claim to have by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Settlement Agreement, including, but not limited to, claims or potential claims arising under or in any way relating to the Debtors, the Debtors' Estate, the Adversary Proceedings, the Debtors' Bankruptcy Case, or any of the Settling Defendants services as a director, officer, and/or employee of any of the Debtors, whether such claim was made or could have been made; *provided, however,* that nothing contained herein shall release the Settling Defendants from any obligations under this Settlement Agreement. Upon the Effective Date, the Trustee, solely in his capacity as Trustee for the Debtors' Estate and on behalf of the Debtors and the Debtors' Estate, also remises, releases, relinquishes and forever discharges the Settling Defendants' and Mingcheng Tao's D&O insurers (the "D&O Insurers") (solely in the D&O Insurers' capacity as insurers under the Policies) of and from the Claims and any and all claims, liabilities, judgments, sanctions, damages, demands, suits, debts, actions, or causes of action of any kind, character, or nature whatsoever, whether asserted or unasserted, known or unknown, fixed or contingent, accrued or unaccrued, matured or unmatured, arising out of or relating to the Claims or in any way relating to the Debtors, the Debtors' Estate, the Adversary Proceedings, or the Debtors' Bankruptcy Case or relating to any act or omission by any Settling Defendant in their capacity as an Insured Person under the Policies. In making these releases, the Trustee understands and acknowledges that he may hereafter discover facts in addition to or different from those that are currently known or believed to be true with respect to the subject matter of this release, but agrees that he has taken that possibility into account in reaching this Settlement Agreement and that, notwithstanding the discovery or existence of any such additional or different facts, as to which he expressly assumes the risk, the Trustee (solely in his capacity as Trustee for the Debtors' Estate and on behalf of the Debtors and the Debtors' Estate) fully, finally, and forever settles and provides the releases as set forth herein. For the avoidance of any doubt, the releases provided by the Trustee herein are made solely in his capacity as Trustee for the Debtors' Estate in this Bankruptcy Case and nothing herein shall operate or be construed to operate as a compromise, impairment, release, waiver, or as having any effect whatsoever on any and all claims which have been or may be asserted by Mark C. Healy in any other capacity, including but

not limited to in his capacity as a fiduciary for any other bankruptcy estate or in any other bankruptcy case or proceeding.

Upon occurrence of the Effective Date, the Trustee, solely in his capacity as Trustee for the Debtors' Estate and on behalf of the Debtors and the Debtors' Estate, further fully releases all claims, rights, or title to any coverage, claims, or proceeds under or with respect to the Policies which the Debtors, the Estate, or the Trustee claims to have now or may have in the future concerning the Policies or any act, error or omission by the D&O Insurers in connection with any insureds' claim for coverage for the Adversary Proceedings and gives the D&O Insurers (solely in the D&O Insurers' capacity as insurers under the Policies) a complete and full release under the Policies.

This Settlement Agreement is without prejudice to and nothing herein shall operate or be construed to operate as a compromise, impairment, release, waiver, or as having any effect whatsoever on any and all claims which have been or may be asserted by the Trustee which are (i) not the subject of this Settlement Agreement and (ii) against any parties that are not the Settling Defendants or the D&O Insurers (solely in the D&O Insurers' capacity as insurers under the Policies).

The Trustee, solely in his capacity as Trustee for the Debtors' Estate and on behalf of the Debtors and the Debtors' Estate, represents and warrants to the Settling Defendants that: (a) he has all right, title, and authority necessary to provide the release given in this Settlement Agreement; (b) he has not assigned, conveyed, sold, or transferred or attempted to assign, convey, sell, or transfer any of the claims released pursuant to this Settlement Agreement; (c) he has not commenced and is not prosecuting any arbitration, proceeding, or claim against the Settling Defendants anywhere in the world other than the Debtors' Bankruptcy Case; (d) he has not, and upon occurrence of the Effective Date, will not in the future solicit, accept, or pursue any assignment of a claim of any kind against the Settling Defendants; and (e) upon occurrence of the Effective Date, he will not request the Settling Defendants to defend, indemnify, or satisfy any claim(s) or award(s) made against any insured under the Policies.  For the avoidance of any doubt, the representations and warranties provided by the Trustee herein are made solely in his capacity as Trustee for the Debtors' Estate in this Bankruptcy Case and nothing herein shall operate or be construed to operate as a representation or warranty by Mark C. Healy  in any other capacity, including but not limited to in his capacity as a fiduciary for any other bankruptcy estate or in any other bankruptcy case or proceeding.

5. **Settling Defendants Release to the Trustee, the Debtors, and the Debtors' Estate.**  Upon occurrence of the Effective Date, the Settling Defendants and the D&O Insurers remise, release, relinquish and forever discharge the Trustee (solely in his capacity as Trustee for the Debtors' Estate and on behalf of the Debtors and the Debtors' Estate), the Debtors, and the Debtors' Estate of and from any and all claims, liabilities, judgments, sanctions, damages, demands, suits, debts, actions, or causes of action of any kind, character, or nature whatsoever, whether asserted or unasserted, known or unknown, fixed or contingent, accrued or unaccrued, matured or unmatured, arising out of or relating in any way to the Debtors, the Debtors' Estate, the Debtors' Bankruptcy Case, the Claims, the Adversary Proceedings, or the Policies including, without limitation, claims sounding in contract, tort, violations of any federal or state statute or regulation, contribution, indemnity, and/or any and all claims against the Debtors' Estate, including any and all pre- or post-petition claims against the Debtors' Estate, to the extent they

exist or are claimed to exist, including for payment of the Settlement Payment, whether at law or in equity, direct or derivative, known or unknown, or suspected or unsuspected, that the Settling Defendants ever had or may now or hereafter own, hold, have or claim to have by reason of any matter, cause or thing whatsoever in any way relating to the Debtors, the Debtors' Estate, the Debtors' Bankruptcy Case, the Claims, the Adversary Proceedings, or the Policies, whether such claim was made or could have been made; *provided, however,* that nothing contained herein shall release the Trustee from any obligations under this Settlement Agreement. In making this release to the Trustee (solely in his capacity as Trustee for the Debtors' Estate and on behalf of the Debtors and the Debtors' Estate), the Debtors, and the Debtors' Estate, the Settling Defendants and the D&O Insurers understand and acknowledge that they may hereafter discover facts in addition to or different from those that are currently known or believed to be true with respect to the subject matter of this release, but agree that they have taken that possibility into account in reaching this Settlement Agreement and that, notwithstanding the discovery or existence of any such additional or different facts, as to which the Settling Defendants and the D&O Insurers expressly assume the risk, the Settling Defendants fully, finally, and forever settle and provide the releases as set forth herein. For the avoidance of any doubt, the releases provided by the Settling Defendants herein are made solely relating in any way to the Debtors, the Debtors' Estate, the Debtors' Bankruptcy Case, the Claims, the Adversary Proceedings, or the Policies and nothing herein shall operate or be construed to operate as a compromise, impairment, release, waiver, or as having any effect whatsoever on any and all claims which have been or may be asserted by the Settling Defendants in any other circumstance.

The Settling Defendants represent and warrant to the Trustee that: (a) they have all right, title, and authority necessary to provide the release given in this Settlement Agreement; (b) they have not assigned, conveyed, sold, or transferred or attempted to assign, convey, sell, or transfer any of the claims released pursuant to this Settlement Agreement; (c) they have not commenced and are not prosecuting any arbitration, proceeding, or claim against the Trustee (solely in his capacity as Trustee for the Debtors' Estate and on behalf of the Debtors and the Debtors' Estate), the Debtors, or Debtors' Estate anywhere in the world other than the Debtors' Bankruptcy Case; (d) they have not, and upon occurrence of the Effective Date, will not in the future solicit, accept, or pursue any assignment of a claim of any kind against the Trustee (solely in his capacity as Trustee for the Debtors' Estate and on behalf of the Debtors and the Debtors' Estate), the Debtors, or Debtors' Estate; and (e) upon occurrence of the Effective Date, they will not request the Trustee (solely in his capacity as Trustee for the Debtors' Estate and on behalf of the Debtors and the Debtors' Estate), the Debtors, or Debtors' Estate to defend, indemnify, or satisfy any claim(s) or award(s) made against any Settling Defendant, any Insured Person, or the D&O Insurers. For the avoidance of any doubt, the representations and warranties provided by the Settling Defendants and the Insurers herein are made solely relating in any way to the Debtors, the Debtors' Estate, the Debtors' Bankruptcy Case, the Claims, the Adversary Proceedings, or the Policies and nothing herein shall operate or be construed to operate as a representation or warranty by the Settling Defendants in any other circumstance.

6. **Dismissal of Adversary Proceedings.** Within ten (10) business days after the occurrence of the Effective Date, the Parties shall file a stipulation of dismissal with prejudice of the Adversary Proceedings in accordance with Fed. R. Civ. P. 41, as incorporated by Fed. R. Bankr. P. 7041, with each Party to bear its own fees and costs.

7. **Non-Approval.** In the event the Settlement Agreement is not approved by the Bankruptcy Court or the Effective Date does not occur, nothing herein shall be deemed a representation or admission by any Party as to any issue, and this Settlement Agreement will be deemed null and void, including the validity of any and all instruments executed by any of the Parties for its performance and implementation prior to its approval and the Effective Date and the Parties shall be returned to the status quo each Party held prior to entry into this Settlement Agreement.

8. **No Admissions.** This Settlement Agreement is entered into for settlement and compromise of disputed claims and shall never be treated as an admission by any Party of any liability whatsoever or as an admission by any Party of any violation of the rights of any other Party or person, or the violation of any law, statute, regulation, duty or contract whatsoever. By entering into this Settlement Agreement, the Parties do so solely to avoid the inconvenience, expense, and uncertainty of further proceedings or litigation and expressly disclaim any liability to any other party or person. This Settlement Agreement shall have no precedential value in this or any other matter and shall not at any time, nor for any purpose, be considered or construed as an admission of liability and/or responsibility on the part of the Settling Defendants or Insured Persons. For the avoidance of doubt, nothing in this Settlement Agreement shall change, alter or amend any of the terms and conditions of the Policies.

9. **Attorneys' Fees and Costs.** Each Party will bear its own expenses, including any costs or attorneys' fees incurred in connection with the negotiation and execution of this Settlement Agreement, obtaining a Final Order approving the Settlement Agreement, the Claims, the Adversary Proceedings, and the Debtors' Bankruptcy Case, except that the Settling Defendants' defense costs are reimbursable according to the terms of the Policies and/or pursuant to any and all agreements between or among the Settling Defendants and/or the Settling Defendants' counsel. Notwithstanding the foregoing, subject to the restrictions and limitations in this Settlement Agreement, in the event that a Party hereto initiates a lawsuit or other proceeding to enforce the provisions of this Settlement Agreement or asserts the provisions of this Settlement Agreement as a defense to a lawsuit or other proceeding brought by any other Party, the Party prevailing in such lawsuit or civil proceeding shall be paid, in addition to all other sums that may be required to be paid, a reasonable sum for the prevailing Party's attorneys' fees and costs of action, including paralegal fees and any fees and costs on appeal.

10. **Notices**. All notices or information to be provided under this Settlement Agreement shall be sent via electronic mail to the following:

| The Trustee: | Douglas Alan Bates<br>Clark Partington<br>PO Box 13010<br>Pensacola, FL 32591-3010<br>T: (850) 434-9200<br>E: dbates@clarkpartington.com<br><br>*Attorneys for the Trustee* |
| --- | --- |

| | |
|---|---|
| The Settling Defendants: | Daniel S. Bitran, Esq.<br>Isaac J. Mitrani, Esq.<br>Mitrani, Rynor, Adamsky & Toland, P.A<br>301 Arthur Godfrey Road<br>Miami Beach, Florida 33140<br>T: (305) 358-0050<br>E: dbitran@mitrani.com<br>E: imitrani@mitrani.com<br><br>*Attorneys for Daoping Bao*<br><br>Robert M. Stein, Esq.<br>Jeffrey A. Tew, Esq.<br>Shay B. Cohen, Esq.<br>Rennert Vogel Mandler<br>& Rodriguez, P.A.<br>Miami Tower<br>100 S.E. Second Street, Suite 2900<br>Miami, FL 33131<br>T: (305) 577-4177<br>E: rstein@rvmrlaw.com<br>E: jtew@rvmrlaw.com<br>E: scohen@rvmrlaw.com<br><br>*Attorneys for Jerome Henshall, Michael Evans,*<br>*Sid Dutchak, Mark Bains, and Guo "David" Ding* |

11. **Entire Agreement.** This Settlement Agreement constitutes the only existing and binding agreement of settlement among the Parties, and the Parties acknowledge that there are no other warranties, promises, assurances or representations of any kind, express or implied, upon which the Parties have relied in entering into this Settlement Agreement, unless expressly set forth herein. This Settlement Agreement shall not be modified except by written agreement signed by the Party against whom modification is sought.

12. **Governing Law/Forum Selection.** The Parties agree that the Bankruptcy Court shall have continuing jurisdiction regarding the interpretation, effectuation, and enforcement of the terms of this Settlement Agreement and the Final Order approving this Settlement Agreement, and the Parties expressly consent to the exercise of personal jurisdiction over them for that limited purpose. This Settlement Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Florida, without regard to its conflict of law principles.

13. **Acknowledgment of Terms.** The Parties have read and understand the terms of this Settlement Agreement, have consulted with their respective counsel, and understand and acknowledge the significance and consequence of each such term. Except as specifically set forth in this Settlement Agreement, no Party is relying on information provided by or from any other Party in entering into this Settlement Agreement and there are no duties of disclosure by any Party

to the other. This Settlement Agreement was executed after arm's length negotiations between the Parties and their respective counsel, and reflects the conclusion of the Parties that this Settlement Agreement is in the best interests of the Parties. Each Party represents and warrants that the person executing this Settlement Agreement on his, her, or its behalf has all authority and legal right to do so and separately acknowledges and represents that this representation and warranty is an essential and material provision of this Settlement Agreement and shall survive execution of this Settlement Agreement.

14. **Advice of Counsel.** The Parties acknowledge that they have been represented by counsel of their own choice in the negotiations leading up to the execution of this Settlement Agreement, have read this Settlement Agreement, and have had the opportunity to receive an explanation from legal counsel regarding the legal nature and effect of same. The Parties have had the Settlement Agreement fully explained to them by their respective counsel and understand the terms and provisions of this Settlement Agreement and its nature and effect. The Parties further represent that they are entering into this Settlement Agreement freely and voluntarily, relying solely upon the advice of their own counsel, and not relying on the representation of any other Party or of counsel for any other Party.

15. **Severability.** If any term of this Settlement Agreement is deemed unenforceable, void or against public Policies by a court of competent jurisdiction, that term shall be severed without affecting the remainder of this Settlement Agreement.

16. **Neutral Interpretation.** In the event any dispute arises among the Parties with regard to the interpretation of any term of this Settlement Agreement, all of the Parties shall be considered collectively to be the drafting party and any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall be inapplicable.

17. **Execution of Documents.** This Settlement Agreement may be executed in counterparts, that is, all signatures need not appear on the same copy and execution of counterparts shall have the same force and effect as if the Parties had signed the same instrument. All such executed copies shall together constitute the complete Settlement Agreement. The Parties may execute this Settlement Agreement and create a complete set of signatures by exchanging PDF or electronic copies of the executed signature pages. Signatures transmitted in PDF or electronic format shall have the same effect as original signatures.

18. **Divisions and Headings.** The division of this Settlement Agreement into sections and subsections and the use of captions and headings in connection therewith are solely for convenience and shall have no legal effect in construing the provisions of this Settlement Agreement.

[SIGNATURES ON FOLLOWING PAGE]

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement, as follows:

Dated: 7/31/25

By: _____
Mark C. Healy,
Liquidating Trustee

Dated: _____

By: _____
Daoping Bao

Dated: _____

By: _____
Jerome Henshall

Dated: _____

By: _____
Michael Evans

Dated: _____

By: _____
Sid Dutchak

Dated: _____

By: _____
Mark Bains

Dated: _____

By: _____
Guo "David" Ding

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement, as follows:

Dated: _____     By: _____
                                     Mark C. Healy,
                                     Liquidating Trustee

Dated: _____     By: _____
                                     Daoping Bao

Dated: _____     By: _____
                                     Jerome Henshall

Dated: _____     By: _____
                                     Michael Evans

Dated: _____     By: _____
                                     Sid Dutchak

Dated: _____     By: _____
                                     Mark Bains

Dated: _____     By: _____
                                     Guo "David" Ding

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement, as follows:

Dated: _____   By: _____
                                     Mark C. Healy,
                                     Liquidating Trustee


Dated: _____   By: _____
                                     Daoping Bao


Dated: August 1, 2025            By: _____
                                     Jerome Henshall


Dated: _____   By: _____
                                     Michael Evans


Dated: _____   By: _____
                                     Sid Dutchak


Dated: _____   By: _____
                                     Mark Bains


Dated: _____   By: _____
                                     Guo "David" Ding

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement, as follows:

Dated: _____   By: _____
　　　　　　　　　　　　　　　　　　　Mark C. Healy,
　　　　　　　　　　　　　　　　　　　Liquidating Trustee

Dated: _____   By: _____
　　　　　　　　　　　　　　　　　　　Daoping Bao

Dated: _____   By: _____
　　　　　　　　　　　　　　　　　　　Jerome Henshall

Dated: _____   By: *Michael Evans*
　　　　　　　　　　　　　　　　　　　Michael Evans

Dated: _____   By: _____
　　　　　　　　　　　　　　　　　　　Sid Dutchak

Dated: _____   By: _____
　　　　　　　　　　　　　　　　　　　Mark Bains

Dated: _____   By: _____
　　　　　　　　　　　　　　　　　　　Guo "David" Ding

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement, as follows:

Dated: _____    By: _____
                                                                             Mark C. Healy,
                                                                             Liquidating Trustee

Dated: _____    By: _____
                                                                             Daoping Bao

Dated: _____    By: _____
                                                                             Jerome Henshall

Dated: _____    By: _____
                                                                             Michael Evans

Dated: Aug. 1, 2025    By: *Sid Dutchak*
                                                                             Sid Dutchak

Dated: _____    By: _____
                                                                             Mark Bains

Dated: _____    By: _____
                                                                             Guo "David" Ding

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement, as follows:

Dated: _____  By: _____
                                    Mark C. Healy,
                                    Liquidating Trustee

Dated: _____  By: _____
                                    Daoping Bao

Dated: _____  By: _____
                                    Jerome Henshall

Dated: _____  By: _____
                                    Michael Evans

Dated: _____  By: _____
                                    Sid Dutchak

Dated: __August 1, 2025_____  By: _/s/ Mark Bains_____
                                    Mark Bains

Dated: _____  By: _____
                                    Guo "David" Ding

format shall have the same effect as original signatures.

18. **Divisions and Headings.** The division of this Settlement Agreement into sections and subsections and the use of captions and headings in connection therewith are solely for convenience and shall have no legal effect in construing the provisions of this Settlement Agreement.

[SIGNATURES ON FOLLOWING PAGE]

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement, as follows:

Dated: _____   By: _____
Mark C. Healy,
Liquidating Trustee

Dated: _____   By: _____
Daoping Bao

Dated: _____   By: _____
Jerome Henshall

Dated: _____   By: _____
Michael Evans

Dated: _____   By: _____
Sid Dutchak

Dated: _____   By: _____
Mark Bains

Dated: Aug 1, 2025   By: [signature]
Guo "David" Ding